FRANK A. SEYMOUR and Another v. HAZEN J. BURTON.

November 15, 1899.

Nos. 11,848—(50).

## Insolvent Bank—Promissory Note—Principal and Agent—Corporation —Evidence—Set-Off.

In an action by the receivers of an insolvent bank against a defendant on his promissory note, he sought to show that he gave the note as agent for a certain corporation, of which he was the president, and for its debt. *Held,* that the evidence adduced upon the trial warranted, even if it did not absolutely require, the court to find what it did, in effect, find,—that the defendant was the principal debtor upon the note, and that if said corporation, whose money, on deposit in the insolvent bank, the defendant was attempting to have applied as a partial offset, had assumed any obligation in respect to payment of the note, it was that of a surety. And *held,* further, that this evidence would not have been affected, had the court allowed counsel for defendant to pursue their inquiries along certain lines indicated by questions propounded to their witnesses, and objected to by counsel for plaintiff.

Action in the district court for Ramsey county by plaintiffs as receivers for the Bank of Minnesota to recover $2,500 on a promissory note. The case was tried before O. B. Lewis, J., who found in favor of plaintiffs; and from an order denying a motion for a new trial, defendant appealed. Affirmed.

*Nelson & Bramhall,* for appellant.

*Young & Lightner,* for respondents.

COLLINS, J.[1]

Defendant, in his answer, alleged that the note upon which this action was brought, as well as the note of which it was a renewal in part, was executed by defendant for and in behalf of the Plymouth Clothing Company, a corporation, of which defendant was president and principal stockholder, without consideration to him, and, further, that at the time of the execution it was well understood and agreed by the bank and said corporation that said note

[1] MITCHELL, J., absent, took no part.

should be considered that of the corporation, and, also, that payment thereof was to be made by it, not by defendant.

Conceding, for the purposes of this case, that defendant, Burton, the maker of the note, could in this action have the benefit of an offset in a sum equal to the balance of the corporate deposit in the bank at the time its doors were closed, if he had supported these allegations by proof that in fact the corporation was the principal debtor, while he was nothing but a surety, and that this was agreed to by all of the parties, the proof was not made, and the evidence wholly failed to show that these were the relations between the defendant and the corporation. The evidence warranted, even if it did not absolutely require, the court to find (what it practically did find) that defendant was the principal debtor, and, if the corporation had assumed any obligation at all in respect to the note, it was that of a surety.

One Drew was a witness for defendant. He was the treasurer of the corporation, and had transacted all of the business with the bank concerning the $5,000 note, of which the note in suit was a renewal in part, and also all business with reference to a partial payment, and a renewal for the balance. From his testimony it appeared that, when the larger note was discounted at the bank, defendant owed the corporation over $40,000 on book account; that the proceeds of this $5,000 note were credited to the deposit account of the corporation at the bank, and were also credited to defendant on the book account before mentioned. When the note matured, $2,500 was paid thereon by the corporation, and at once charged to defendant in his account. It was not clearly shown whether defendant paid the interest at the bank with his personal check, or the payment was by the corporation. But, if paid by the latter, the amount was charged to defendant on account, so that he paid the interest on the note, not the corporation. And this larger note, as well as the renewal, was secured by the hypothecation of shares of stock in the corporation issued to and owned by defendant, of the par value of $18,500. This evidence was not contradicted or affected in any manner at the trial; nor would it have been if defendant's counsel had been allowed to pursue their inquiries along the

lines indicated by questions asked by them, objected to by opposing counsel, and held immaterial and incompetent by the Court.

It is quite apparent from this evidence that, when the $5,000 note was discounted, defendant's indebtedness to the corporation was being partially paid by borrowing money at the bank, as it had been before, and that when the note matured it was to be taken care of by the corporation, as had theretofore been the custom, if defendant did not look after it himself. The corporation was not the principal debtor, and as between all of the parties the note was primarily defendant's debt. The treasurer of the corporation did all of defendant's work in respect to discounting his notes, and the account thereof was kept on the books of, and they were cared for by, the corporation, when due, more for defendant's accommodation than for any other purpose.

These views seem to render it unnecessary further to consider the record, but it is not out of place to suggest—First, that the trial court found as a fact that the plea of former adjudication of the claim of right of set-off made by defendant in his answer was true, and this finding is not assailed by any assignment of error; and, second, that without attempting to make the corporation, having the deposit in the bank when the latter failed, a party to the action, defendant sought to appropriate its money to the partial payment of an obligation which, upon the face of it, was his individually. The mere fact that he was president of, and the principal stockholder in, the corporation, would not justify such an appropriation, without notice.

Order affirmed.